**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-01723 RBJ

HIGH COUNTRY CITIZENS' ADVOCATES, *et al.*,
Plaintiffs,

v.

UNITED STATES FOREST SERVICE, *et al.*,
Defendants.

---

## FEDERAL DEFENDANTS' REMEDY BRIEF

---

As directed by the Court's Order on Plaintiffs' Petition for Review ("Petition Order"), ECF No. 91, at 35–36, the parties conferred on a proposed remedy order but were unable to reach agreement, except for agreeing in principle on the terms of Paragraph I.A, below. Federal Defendants therefore submit this brief on the appropriate scope of the remaining remedy issues.

I. Proposed Remedy Order

Federal Defendants submit the following proposed order for the Court's consideration:

A. Exploration Plan

The June 27, 2013 approval of the Sunset Trail Area Coal Exploration Plan is vacated, and any and all actions pursuant to that approval are permanently enjoined.

B. Lease Modifications

Any construction, bulldozing, or other ground-disturbing or below-ground activities made possible pursuant to Lease Modifications COC-1362 and COC-67232 are enjoined unless and until the Agencies undertake the supplemental environmental analyses identified by the

Court in its Petition Order, ECF No. 91, issue any new decisions reliant on such analyses, and notify the Court and other Parties thereof.

      C.      North Fork Valley Exception

In light of the relief granted in Paragraphs A and B, the Court finds that no further injunctive relief is necessary at this time concerning the North Fork Valley Exception of the Colorado Roadless Rule, 36 C.F.R. § 294.43(c)(1)(ix).  However, in the interest of the orderly administration of this judgment and protection of all parties' interests, the Court directs that the Federal Defendants shall provide Plaintiffs notice of any other matter concerning coal lease modification or authorization of surface-disturbing or below-ground activities within the designated North Fork Valley area, no later than the time that a NEPA scoping notice is published for such activity.  This obligation shall remain in place unless and until the Federal Defendants undertake the supplemental environmental analysis identified by the Court in its Petition Order, ECF No. 91, issue a new decision, and notify the Court and other parties thereof.

      D.      The Court does not retain jurisdiction over this matter, other than as needed to resolve a motion for attorneys fees, and hereby directs the Clerk to close this case.

II.      Argument

      A.      Plaintiffs Have Raised No Facial Claim Against the North Fork Valley Exception

In order to set aside the Lease Modifications and Exploration Plan, Plaintiffs argued in their petition that the North Fork Exception of the Colorado Roadless Rule is invalid.  ECF No. 62, at 86–87.  That does not amount to a facial challenge to the Roadless Rule and does not entitle Plaintiffs to facial relief against the Rule or any of its provisions.

Section 702 of the APA, 5 U.S.C. § 702, waives federal sovereign immunity for certain

challenges to federal agency action for nonmonetary relief. Suit under the APA is further limited to "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704; *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990). The Colorado Roadless Rule is not made reviewable by any separate statute and therefore is reviewable only under the "non-statutory" review provision of Section 704 ("final agency action for which there is no other adequate remedy").

Ordinarily, absent a provision allowing for immediate, facial review, *see, e.g.*, 42 U.S.C. § 7607(b) (Clean Air Act provision allowing for immediate review of rulemaking), a rule is not reviewable until it is applied to some specific situation. *Lujan*, 497 U.S. at 891. The exception is a rule that "as a practical matter requires the plaintiff to adjust his conduct immediately" or face serious penalties; such a rule may be subject to immediate judicial review because there is "no other adequate remedy in a court" under 5 U.S.C. § 704. *Lujan*, 497 U.S. at 891. For example, in *Abbott Laboratories v. Gardner*, the plaintiff could have pursued an as-applied challenge to newly promulgated agency rules only by violating the regulations and subjecting itself to a government enforcement action. 387 U.S. 136, 153 (1967), *overruled on other grounds*, *Califano v. Sanders*, 430 U.S. 99, 105 (1977); *see also Reno v. Catholic Social Servs., Inc.*, 509 U.S. 43, 57–59 (1993) (immigration regulations not subject to facial challenge unless challenger faced "immediate dilemma to choose between complying with newly imposed, dis- advantageous restrictions and risking serious penalties for violation"); *cf. Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808–12 (2003) (rejecting facial challenge to National Park Service concession regulations). In contrast, the Colorado Roadless Rule governs the Forest Service's — not Plaintiffs' — conduct, so the exception allowing for immediate, facial

review of a rulemaking does not arise.

Moreover, absent a special statutory review provision or applicable exception, an agency regulation is not an independently reviewable agency action for purposes of the APA *even after* the regulation has been applied — as here — to support a site-specific decision. To the extent that the site-specific decision turns on the validity of the regulation, a plaintiff may assert that the regulation is unlawful. However, the action that the Court ultimately upholds or sets aside is the site-specific decision (here, the approvals of the Lease Modifications or the Exploration Plan), rather than the rule itself. It is that site-specific decision that is set aside and not the regulation itself. Thus, while Plaintiffs here may be entitled to relief setting aside site-specific project approvals, they are not entitled to broader relief against the Colorado Roadless Rule on its face. *See Forest Guardians v. Forsgren*, 478 F.3d 1149, 1154–55 (10th Cir. 2007) (once a forest plan is promulgated, agency action takes place at the project level).

### B. The Court Should Not Vacate the Lease Modifications or Any Part of the Colorado Roadless Rule

The right of judicial review under the APA does not affect "other limitations on judicial review or the power or duty of the court to dismiss any action *or deny* relief on any other appropriate legal or equitable ground . . . ." 5 U.S.C. § 702 (emphasis added). The Court's formulation of a remedy under NEPA and the APA is controlled by principles of equity. *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 157–58 (2010) (court must balance the equities and consider the public interest before issuing injunction in NEPA case); *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1343 (9th Cir. 1995) ("The court's decision to grant or deny injunctive or declaratory relief under APA is controlled by principles of equity."). The Court retains full discretion to consider what relief might be appropriate following a finding that an agency must

4

conduct further NEPA analysis. *Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1080–82 (9th Cir. 2010); *see also N. Cheyenne Tribe v. Norton*, 503 F.3d 836, 842 (9th Cir. 2007).

In particular, whether an agency decision should be vacated depends upon whether the deficiencies identified by the reviewing court may be corrected while the challenged decision is left in place and, conversely, whether vacating the decision pending further analysis would be unduly disruptive. *See California Communities Against Toxics v. U.S. E.P.A.*, 688 F.3d 989, 992 (9th Cir. 2012) (leaving challenged rule in place pending remand); *Milk Train, Inc. v. Veneman*, 310 F.3d 747, 755–56 (D.C. Cir. 2002) (whether vacatur is appropriate depends on seriousness of agency decision's deficiencies weighed against potentially disruptive effects of vacatur); *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150–51 (D.C. Cir. 1993) (same); *Conner v. Burford*, 848 F.2d 1441, 1460–62 (9th Cir. 1988) (order staying leases pending remand); *Colo. Envtl. Coal. v. Office of Legacy Mgmt.*, 819 F. Supp. 2d 1193, 1224 (D. Colo. 2011) (same), *amended by* 2012 WL 628547 (D. Colo. Feb. 27, 2012); *Native Vill. of Point Hope v. Salazar*, 730 F. Supp. 2d 1009, 1019 (D. Ak. 2010) (order remanding for further analysis without vacating leases); *see also Pit River Tribe*, 615 F.3d at 1080–82 (leases may be deemed capable of extension after compliance with NEPA, rather than being invalidated); *S. Utah Wilderness Alliance v. U.S. Dep't of Interior*, No. 2:06CV342 DAK, 2007 WL 2220525, at *2 (D. Utah Jul. 30, 2007) ("suspension of leases annulled any 'irreversible and irretrievable commitment of resources' from which Plaintiffs claim to have suffered harm under NEPA," rendering case moot).

Here, the Court's decision on the merits finds a number of deficiencies in the Agencies' analyses supporting the Colorado Roadless Rule and Lease Modifications, but none that cannot

5

be addressed by further analysis. At the same time, Plaintiffs have alleged harm only from the approval of the Lease Modifications and Exploration Plan — and particularly from ground-disturbing and subsurface activities anticipated to be conducted on the Lease Modifications — not from the Colorado Roadless Rule itself. *See* 3rd Amd. Compl., ECF No. 51-2, ¶¶ 15, 16. Those threats of harm will be fully addressed by the provisions of Paragraphs I.A and B, above. Vacatur of the North Fork Exception, on the other hand, would disrupt the careful balance of competing interests reflected in the Rule. *See* ECF No. 91, at 25. Beyond that, the Court should refrain from reaching out to address the future application of the North Fork Exception in matters that are not before the Court and that may affect parties who are unrepresented in this litigation. *See Hansberry v. Lee*, 311 U.S. 32, 40 (1940) (outside of class action, absent parties are not bound by judgment); *Pelt v. Utah*, 539 F.3d 1271, 1284 (10th Cir. 2008) (absent class members not bound if not accorded due process).

Because the injunction against activities under the Lease Modifications, provided for in Paragraphs I.A and B, above, adequately addresses Plaintiffs' alleged harms, *see* ECF No. 51-2, ¶¶ 15, 16, vacatur of the Lease Modifications would be unnecessary. *See, e.g.*, *See Natural Res. Def. Council v. Houston*, 146 F.3d 1118, 1129 (9th Cir. 1998) (court had discretion to preserve challenged contracts pending remand); *Burford*, 848 F.2d at 1460–62 (order staying leases pending remand); *N. Cheyenne Tribe v. Hodel*, 851 F.2d 1152, 1157 (9th Cir. 1988) (district court did not abuse its discretion in amending injunction to provide for the suspension, rather than cancellation, of coal leases); *Colo. Envtl. Coal.*, 819 F. Supp. 2d at 1224 (order staying existing leases); *Mont. Wilderness Ass'n v. Fry*, 408 F. Supp. 2d 1032, 1038–39 (D. Mont. 2006) (court declined to void leases, instead suspending lease activities); *see also Colo. Envtl. Coal. v.*

6

*Salazar*, 875 F. Supp. 2d 1233, 1259 (D. Colo. 2012) (declining to cancel leases in case challenging BLM Resource Management Plan).

The Federal Defendants anticipate that Plaintiffs will argue that leaving the North Fork Exception and Lease Modifications in place pending remand will create "bureaucratic momentum" that would potentially compromise the Agencies' objectivity as they undertake supplemental NEPA analysis. That argument asks the Court to reject the ordinary presumption of regularity accorded agency actions, which presumption has been repeatedly recognized by the courts. *See Pit River Tribe*, 615 F.3d at 1082–83 ("While bureaucratic inertia may be a risk, we presume that agencies will follow the law"); *Vill. of False Pass v. Clark*, 733 F.2d 605, 615 (9th Cir. 1984) ("minor changes in the Secretary's discretion because of a project's momentum do not bar consideration of environmental information in stages"); *see also Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971) ("the Secretary's decision is entitled to a presumption of regularity"); *Akiak Native Cmty. v. U.S. Postal Serv.*, 213 F.3d 1140, 1146 (9th Cir. 2000) ("deference is accorded agency environmental determinations . . . because the agency's decision-making process is accorded a 'presumption of regularity'"); *Burford*, 848 F.2d at 1448 ("We cannot assume that government agencies will not comply with their NEPA obligations in later stages of development.").[1] Plaintiffs can provide no basis for overturning the presumption of regularity; an injunction against lease modification activities is therefore a sufficient remedy.

---

[1] Plaintiffs may cite *Davis v. Mineta*, 302 F.3d 1104, 1112–13 (10th Cir. 2002), where the court found that the NEPA process had been "prejudged" because the contractor hired to conduct the NEPA analysis was contracted to prepare a "Finding of No Significant Impact" — in other words, was contracted to arrive at a *particular conclusion*. *See Lee v. U.S. Air Force*, 354 F.3d 1229, 1240 (10th Cir. 2004) (distinguishing *Davis* on that basis). That is not the situation here.

### C. Plaintiffs' Relief Must be Narrowly Tailored

The Court's remedy decision is necessarily governed by equitable principles. Under those principles, Plaintiffs are not entitled to a broad injunction against application of the North Fork Exception. As a matter of equity, a remedy should be narrowly tailored to the specific injuries Plaintiffs have established. *See Monsanto* 561 U.S. at 165–66 (overturning nationwide injunction). In this case, Plaintiffs assert that they would suffer harm from the Intervenors' exploration of the Lease Modifications that were approved under the North Fork Exception. ECF No. 51-2, ¶¶ 15. Addressing those claims of harm does not require broadly enjoining the North Fork Exception; it requires only that no ground-disturbing or below-surface activities be conducted in the Lease Modification areas. On the other hand, broader relief would be inappropriate: Plaintiffs have not challenged any other specific projects or activities other than the Lease Modifications and Exploration Plan approvals; they have not pled injury or otherwise established their standing to bring any such challenges, and third parties who hold other leases or permits are not before this Court. The proper balancing of the equities therefore counsels against an injunction that goes beyond the site-specific projects at issue in this case. *Monsanto*, 561 U.S. at 165–66. The broader public interest also disfavors an injunction that would upset the compromises embodied in the Colorado Roadless Rule, which reflect the great, far-reaching efforts made to accommodate the many competing interests advanced in the rulemaking proceeding. *See* ECF No. 91, at 25. The Rule itself contains a severability clause, 36 C.F.R. § 294.48(f), which underscores the Agency's intention that any relief ordered by a reviewing court be as narrow as possible and that the integrity of the Rule be maintained even if one application or provision of the Rule is found to be invalid.

Beyond those considerations, broader relief would be inappropriate because it would hinder the "thorough development of legal doctrine by allowing litigation in multiple forums." *U.S. v. Mendoza*, 464 U.S. 154, 163 (1984) (holding that nonmutual collateral estoppel does not lie against the government); *accord Seneca-Cayuga Tribe of Okla. v. Nat'l Indian Gaming Comm'n*, 327 F.3d 1019, 1030 (10th Cir. 2003) ("nonmutual offensive collateral estoppel is generally not available against the federal government"). The freedom of courts "to develop different interpretations of the law among the circuits is considered a strength of our system. It allows experimentation with different approaches to the same legal problem, so that when the Supreme Court eventually reviews the issue it has the benefit of 'percolation' within the lower courts." *Hart v. Massanari*, 266 F.3d 1155, 1173 (9th Cir. 2001). Other district courts may view the North Fork Exception and the environmental analysis supporting the Colorado Roadless Rule differently. A broad injunction against application of the Colorado Roadless Rule in other circumstances would prevent the "percolation" and development of the relevant legal issues.

While Plaintiffs may prefer a broad injunction here over litigating other cases applying the North Fork Exception, the Supreme Court has rejected such a preference:

> The case-by-case approach that this requires is understandably frustrating to . . . organization[s] such as [Plaintiffs], which ha[ve] as [their] objective across-the-board protection of our Nation's wildlife and the streams and forests that support it. But this is the traditional, and remains the normal, mode of operation of the courts. . . . [Courts] intervene in the administration of the laws only when, and to the extent that, a specific "final agency action" has an actual or immediately threatened effect.

*Lujan*, 497 U.S. at 894.

The Court should thus refrain from enjoining the application of the North Fork Exception

in other matters not before the Court in this litigation.[2]

DATED:  August 27, 2014

Respectfully submitted,
SAM HIRSCH
Acting Assistant Attorney General
/s/*David B. Glazer*
DAVID B. GLAZER
Environment & Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California
Tel:    (415) 744-6491
Fax:   (415) 744-6476
E-mail:  David.Glazer@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 27, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| For the Plaintiffs:<br>Edward Breckenridge<br>Zukoski tzukoski@earthjustice.org<br>afarouche@earthjustice.org<br>eajusco@earthjustice.org<br>egreer@earthjustice.org<br>hwatkins@earthjustice.org<br>kscott@earthjustice.org | For the Intervenors:<br><br>Michael Robert Drysdale<br>drysdale.michael@dorsey.com<br>porter.karen@dorsey.com |
|---|---|

Dated:  August 27, 2014                          /s/*David B. Glazer*
                                                                David B. Glazer

---

[2] The Court can address Plaintiffs' asserted harms without vacating or enjoining the North Fork Exception.  However, if the Court believes that something more is required, a declaratory judgment or injunction pending remand of the North Fork Exception would be more appropriate than vacatur of that provision and would provide Plaintiffs all the relief necessary to address the harms they assert, while at the same time allowing the Intervenors to operate on the parent leases, which Plaintiffs do not challenge.  *See* 36 C.F.R. § 294.48(a) (grandfather provision).